Thomas E. Beck, Esq. (SBN 81557)
**THE BECK LAW FIRM**
10377 Los Alamitos Boulevard
Los Alamitos, CA 90720
Telephone (562) 795-5835
Facsimile (562) 795-5821
Email: becklaw@earthlink.net

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARGIE GARCIA, FERNANDO GARCIA CAMPISTA, ALICIA LEGUIZAMO, FERNANDO GARCIA JR.

Plaintiffs,

v.

COUNTY OF RIVERSIDE, GOLDEN STATE INVESTIGATIONS a business entity, BAD BOY BAIL BONDS, a business entity, C. JEFFREY STANLEY,, CRUZ BUSTAMONTE, JOSE ALBERT MENDOZA, DEPUTY CARDINALE #4176, individually and as a peace officer, DEPUTY T. MOUNTZ #4276, individually and as a peace officer, DEPUTY J. PATTERSON #3923, individually and as a peace officer, DEPUTY GRECO #3765, individually and as a peace officer, DEPUTY HEUER #3222, individually and as a peace officer, DEPUTY PRATT #3223, DOES 1-10, inclusive.

Defendants.

Case No. EDCV12-0881VAP(SPx)

**STIPULATION FOR PROTECTIVE ORDER**

**[DISCOVERY MATTER FOR DETERMINATION BY MAGISTRATE JUDGE SHERI PYM]**

IT IS HEREBY STIPULATED by and through undersigned counsel that:

1. The documents requested by Plaintiffs' Request for Production of Documents dated September 8, 2013 are subject to the terms of this protective order.

The documents requested by Plaintiffs' Request for Production of Documents dated September 8, 2013 (Request No. 2) are to be designated as "CONFIDENTIAL INFORMATION." Such designation shall be made by stamping or otherwise marking the documents prior to production or use in this litigation as follows:

**"CONFIDENTIAL INFORMATION MATERIAL SUBJECT TO PROTECTIVE ORDER"**

2. CONFIDENTIAL INFORMATION shall be used solely in connection with the preparation and trial of the within case, Case No. EDCV 12-881VAP (SPx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

5. CONFIDENTIAL INFORMATION may not be disclosed, except as provided in paragraphs 6 and 7.

6. CONFIDENTIAL INFORMATION may be disclosed only to the following persons:

(a) Counsel for any party and any party to this litigation;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

(d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

(e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Riverside with respect to what he or she saw, heard or otherwise sensed.

7. Each person to whom disclosure is made, with the exception of counsel, and the parties, who are presumed to know the contents of this protective order, and court personnel, shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party. Such person also must consent to be subject to the jurisdiction of this United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.

8. If CONFIDENTIAL INFORMATION, including any portion of a deposition transcript, is included in any papers to be filed with the Court, such papers shall be accompanied by an application with comports with Local Rule 79-5.1 and seeks to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The Application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal in accordance

with Local Rule 79-5.1.

9. At the conclusion of the trial and of any appeal or upon termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to plaintiff's counsel within 30 days. Provisions of this order in so far as they restrict disclosure and use of the material shall be in effect until further order of this court.

10. The foregoing is without prejudice to the right of any party:

(a) To apply to the court for a further protective order relating to CONFIDENTIAL INFORMATION or relating to discovery in this litigation;

(b) To apply to the court for an order removing the CONFIDENTIAL INFORMATION designation from any documents; and

(c) To apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of CONFIDENTIAL INFORMATION beyond the terms of this order.

11. GOOD CAUSE exists for designating these materials as confidential in that the said defendants employment and disciplinary records are confidential under federal law as well as to protect the privacy rights of the plaintiff and insure none of these materials are communicated to third parties and their use is confined to their use in the prosecution and defense of the instant lawsuit.

12. The custodian of records for the Riverside County Sheriff's Department shall produce the following records/materials requested by Plaintiffs' counsel: Any and all reports resulting from the internal investigation of the matter that is the subject of this lawsuit, including any recorded interviews (this clause covers internal investigation materials only; it does not cover incident reports prepared by law enforcement officers).

13. CONFIDENTIAL INFORMATION produced in connection with the Court Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the information may be divulged to the media and the public.

14. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

15. Counsel, in the above-referenced matter, and those individuals authorized to review the information in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed CONFIDENTIAL INFORMATION to any person or entity for any purpose.

16. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

17. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

18. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL INFORMATION, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further

order of the Court.

19. Upon termination of the instant case, counsel shall return any and all CONFIDENTIAL INFORMATION or information designated as confidential, including deposition transcripts, trial testimony, and/or testimony taken at any court proceeding, to the Riverside County Sheriff's Department's attorney of record for this matter, within twenty (20) days following termination of this matter.

20. Production of all CONFIDENTIAL INFORMATION ordered disclosed by this Court shall take place on or before February 14, 2014.

**IT IS SO STIPULATED.**

DATED: January 22, 2014

**THE BECK LAW FIRM**

By /s/Thomas E. Beck
Thomas E. Beck
Attorney for Plaintiffs

DATED: January 22, 2014

Lewis, Brisbois, Bisgaard & Smith

By /s/John M. Porter
John M. Porter, Esq.
Attorneys for Defendants County of Riverside Deputy Cardinale #4176, Deputy T. Mountz #4276, Deputy J. Patterson #3923, Deputy Greco #37655, Deputy Heurer #3222, Deputy Pratt #3223

////

////

////

////

////

DATED: January 22, 2014

Arias & Lockwood

By /s/Christopher D. Lockwood, Esq.
Christopher D. Lockwood, Esq.
Attorneys for Defendants
County of Riverside Deputy Cardinale #4176, Deputy T. Mountz #4276, Deputy J. Patterson #3923, Deputy Greco #37655, Deputy Heurer #3222, Deputy Pratt #3223

DATED: January 22, 2014

Lewis, Brisbois, Bisgaard & Smith

By /s/Justine Grubb
Justine Grubb, Esq.
Attorneys for Defendants
C. Jeffrey Stanley dba Bad Boy Bail Bonds, Cruz Bustmonte, Jose Albert Mendoza

DATED: January 22, 2014

Cohon & Pollak

By /s/Henry Nicholls
Jeffrey M. Cohon, Esq.
Attorneys for Defendants
Bad Boys Bail Bonds, Cruz Bustamonte, Golden State Investigations, Jose Albert Mendoza, C. Jeffrey Stanley

**ATTACHMENT A**

**NON DISCLOSURE AGREEMENT**

I, ________________________________, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *Margie Garcia, et. al. v. County of Riverside, et. al.*, Case No. EDCV 12-881VAP (SPx) and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.

DATED ____________________________

**ORDER**

Pursuant to the stipulation of this parties and good cause appearing therefor, the Court orders that a protective order be in effect as of January 27, 2014.

IT IS SO ORDERED.

DATED January 27, 2014

HONORABLE SHERI PYM
United States Magistrate Judge